THOMAS EDMONDSON v. MAYOR AND ALDERMEN OF JER-SEY CITY.

48  121
f64  401

By act of 1873 (*Pamph. L.*, *p.* 401, § 7,) the salaries of police captains in Jersey City were fixed at $1500 per annum.   By resolution, the city council reduced this amount.   A general statute, April 14th, 1884, (*Pamph. L.*, *p.* 161,) authorized the proper authorities of any city or township to make a contract with any officer to perform duties at a salary less than that fixed by law.   *Held*, that this law is applicable, and by accepting his salary at a less rate, the prosecutor, a police captain, consented to the reduction, and is not entitled to further com-pensation.

On *certiorari* to the District Court of Jersey City.

Argued at November Term, 1885, before Justices SCUDDER and REED.

For the plaintiff, *W. T. Hoffman* and *J. W. Herbert.*

For the defendants, *R. B. Seymour* and *J. A. Blair.*

The opinion of the court was delivered by

SCUDDER, J.    Edmondson, the plaintiff, is a captain of police in Jersey City, and brought suit for his services as such for the months of April and May respectively, in the year 1885, at the rate of $125 per month.    The only dispute between him and the city is what is the amount of his annual salary, which, by the usage there, is payable in monthly payments.    His claim is that his salary is $1500 per annum, making $125 for each monthly payment; while the city insists that his salary is $1390 per annum, and $115.83 is the amount of monthly payments.    By the charter of Jersey City, (*Pamph. L.* 1871, *p.* 1137, § 98,) the board of police commissioners shall have power, among other things, to appoint so many captains of police as they may deem necessary, at a salary not to exceed $1300 per annum to each.    Under this power they have appointed five police captains, of whom the plaintiff is one, and he has been in office four or five years. In 1873, (*Pamph. L., p.* 393, § 6,) this section 98 was amended by striking out the word " thirteen " wherever it occurred in said section, and inserting, in lieu thereof, the word " fifteen." By this change the maximum salary of police captains become $1500 per annum.    But in the same year, 1873, (*Pamph. L., p.* 401, § 7,) it was enacted that the salaries of the captains of police shall be increased to $1500 per annum.    The effect of this last supplement was to fix the salary at the sum named, instead of having a maximum which the police commissioners could not exceed, but which might be diminished by them. On this statute the plaintiff makes his claim at the rate of $1500 per year.    It appears, however, in the statement of the case, that the police commissioners, by resolution, on January 6th, 1880, fixed the pay of police captains at $1290 per annum, in payments of $107.50 monthly.    The plaintiff received that amount from May 1st, 1880, when he was ap-

pointed. On November 17th, 1882, another resolution was passed by them, by which there were to be four captains at $1390 per annum, and one captain detailed as inspector at $1425 per annum, salary for the fiscal year ending December 1st, 1883. The plaintiff was one of the four captains, and received his pay monthly, according to this allowance, with a slight reduction for six months in 1883. On December 1st, 1884, another resolution was passed fixing the salaries of captains of police at $1390 per annum, for the year ending December 1st, 1885. The plaintiff accepted and receipted in full for his salary for the month of December, 1884, and for the months of January, February and March, 1885, at $115.83, which was at the rate of $1390 per annum. On April 16th, 1885, written notice was served on the board of police commissioners, that the plaintiff would insist on the payment of $125 per month as his salary from and after April 1st, 1885. The plaintiff, in making up the pay-roll at the end of the months of April and May, entered his salary at the sum of $125. By order of the board the amount was changed to $115.83, and warrants for that amount were made and tendered, which the plaintiff refused to accept, and brought this suit. His position is that the legislature having fixed his salary at $1500 by the later act in 1873, the board of commissioners have no power to reduce it without his consent, so long as he continued to serve under their appointment. This was the view taken in the District Court, and it is undoubtedly correct, if there has been no change in the law. The board of finance and taxation would be required to raise and appropriate sufficient to pay this amount of salary by general taxation, and the police commissioners to apportion and pay it, as it became due. If either board attempted to reduce the amount of salary by resolution it would be *ultra vires*, and the captains of police could demand, and, on refusal, recover the full amount fixed by law. The city claims that prior to April, 1884, the plaintiff is concluded by his acquiescence and acceptance of the monthly payments made to him, for which receipts in full were given, and that since that time, under

law of that date, (*Pamph. L.* 1884, *p.* 161,) the law fixing the compensation of these officers is changed, and a new measure for salaries is substituted. This statute is general in its scope, covering the entire subject, repealing by necessary implication conflicting provisions, and makes it lawful for the proper authorities of any city or township of this state to enter into and make a contract with any officer of such city or township to perform the duties of his office at a salary less than that fixed by any law affecting such city or township ; and that when such contract shall be entered into as aforesaid, such officer shall not be entitled to receive or recover from any township any other compensation than shall be fixed by such contract ; and it is further enacted that after this agreement he shall not be entitled to further compensation. It does not appear in the statement of the case that the plaintiff ever made any express agreement with the police commissioners after that act of 1884 was passed, in relation to the amount of his salary ; nor that he had actual notice of the resolutions of December 1st, 1883, and December, 1884, fixing the amount at $1390 per annum. But it does appear that after the passage of these resolutions he received his salary regularly at that rate per month, until April, 1885, without objection. The acceptance of these stated payments is evidence that the plaintiff knew that the board of police commissioners had reduced his pay to that amount, so far as they had the power to do so, and this is sufficient to put him on inquiry as to their authority, and any change made in the law since the act of 1873, under which he claims his salary at the rate of $1500 per annum. If, after the act of 1884, he continued to accept monthly payments at the rate of $1390 per annum, it is evidence of his assent and agreement with the commissioners to receive his salary at a rate less than that fixed by the law of 1873. *Love* v. *Jersey City,* 11 *Vroom* 456 ; *Church* v. *Florence Iron Works,* 16 *Vroom* 129.

The assessments of taxes and apportionments for salaries for the police departments have been made on the basis of the amount fixed by the resolutions of the commissioners, and ac-

cepted by the police captains, and they must be charged with knowledge and acquiescence. It is a strange position for the plaintiff to assume that he did not know a reduction had been made, or of the authority to make it, nor did he make any consent or agreement to receive less than $1500 when he was receiving at the rate of $1390, every mon h by warrants drawn, and receipted in full payment. His call on the city to show that he had express notice of the resolutions that reduced his salary, and of the authority to do so, is an affectation of ignorance, where his interests and his acts show he had most certain information. As the warrants which were drawn to pay him the full amount due for services have been tendered and refused, on the sole ground that the amount is not large enough, and still await his acceptance, the judgment below should be reversed, with costs.